**IN THE COURT OF APPEALS OF IOWA**

No. 15-1490
Filed December 21, 2016

**IN RE DETENTION OF**
**JOHN ARNZEN,**
        Respondent-Appellant.

_____

        Appeal from the Iowa District Court for Dubuque County, Bradley J. Harris,

Judge.

        The respondent appeals from the court's order placing him in a transitional

release program.  **AFFIRMED.**

        Jason A. Dunn, Assistant Public Defender, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant

Attorney General, for appellee State.

        Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

In 2011, John Arnzen was found to meet the statutory criteria of a sexually violent predator. Since then, he has been entitled to an "examination of [his] mental abnormality made once every year." Iowa Code § 229A.8(2) (2015).

On May 4, 2015, Arnzen had an initial hearing on the matter, in which he established facts existed to warrant a hearing to determine whether he continued to suffer from the mental abnormality. *See id.* § 229A.8(1), (5)(e)(1). The court then had sixty days in which to hold a hearing on the final determination. *See id.* § 229A.8(5)(e)(2); *see also In re Det. of Johnson*, 805 N.W.2d 750, 754 (Iowa 2011) (concluding "section 229A.8(5)(e) requires the district court to commence a final hearing within sixty days of the determination a final hearing is required").

Here, the court continued the scheduled hearing twice—once due to a family emergency involving the State's expert witness, and once stating, "The court is informed that the hearing scheduled for July 6, 2015 is being continued." The hearing ultimately took place on July 31, 2015. In its order following the final determination, the court found "that good cause exists for said hearing being held beyond this 60-day time period." Arnzen challenges the district court's finding of good cause.

The State urges us not to consider Arnzen's challenge to the district court's good-cause determination. It notes that we have only the court's conclusory statement to review and urges us to find that Arnzen has not preserved error on this issue. We disagree.[1] While there is little to review here,

---

[1] We note that neither continuance appears to have been done at the request of or due to Arnzen. Arnzen objected to the first continuance. It is unclear what caused the

we believe it is sufficient for us to come to the conclusion the court erred.[2] The court is required to hold the final hearing within sixty days. *See* Iowa Code § 229A.8(5)(e)(2) (stating the court "shall" set a final hearing). And unlike Iowa Rule of Criminal Procedure 2.33(2)(a) and (b) or Iowa Code section 229A.7, there is nothing in the present section which contemplates that the court may miss the deadline if good cause is found. Additionally, the only case law on the sixty-day requirement of section 229A.8 is found in *Johnson*, where the supreme court considered the requirement the hearing commence within sixty days. 805 N.W.2d at 754. Once the court determined that the hearing was outside the required period, the court considered the appropriate remedy. *Id.* at 757. The court did not suggest the hearing could be delayed for "good cause." *Id.*

In spite of the district court's finding that there was good cause for the delay, holding the hearing outside of the statutorily-mandated window violated the statute. Thus, we consider Arnzen's requests for relief. Arnzen requests (1) that we allow him to serve his transitional release in Dubuque rather than the program ordered by the district court, and (2) money damages of an unspecified amount.

We decline Arnzen's request that we order a new treatment program. In *Johnson*, the court determined the violation of the timeliness requirement did not entitle the appellant to discharge because it "would run counter to the chapter's framework and the legislature's expressed purpose." *Id.* Arnzen's request to

---

second continuance and whether the parties had a chance to react before the district court entered an order changing the hearing date.

[2] We review the district court's interpretation of a statute for correction of errors at law. *Johnson*, 805 N.W.2d at 703.

switch programs is analogous; the district court made the express finding that Arnzen should attend the Cherokee program—rather than his requested Dubuque program—because "features of the traditional transitional release program which are necessary for respondent's treatment would not be available at the Dubuque residential facility."  Here, we believe allowing Arnzen to switch programs would run counter to the expressed purpose of the statute—treatment and public protection—and we decline to approve the relief he has requested.

We next consider Arnzen's request for "some relief from the incurred costs related to this matter."  "[The appellant] has at his disposal all the remedies of a civil litigant."  *Id.*  Iowa Code section 625.1 provides for the recovery of costs by the successful party in a civil action, and we believe it is an appropriate remedy here.  That being said, Arnzen concedes that no costs were assessed to him in this matter, and he has not listed or explained any other costs that he incurred as a result.

Although we find the district court erred by allowing the sixty-day window to lapse before holding the final determination hearing, Arnzen has not requested relief that we can provide.  We affirm the district court.

**AFFIRMED.**